IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-351-FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FURMAN ALEXANDER FORD,<br><br>Defendant. | MEMORANDUM AND RECOMMENDATION |

This matter is before the court on Defendant's *pro se* motion for writ of error coram nobis, in which Defendant seeks to "vacate the judgment [of conviction] due to constitutional violations which subject the judgment to collateral review." [DE-123]. The Government responded in opposition to Defendant's motion. [DE-130]. Defendant subsequently replied to the Government's response. [DE-132]. The matter is ripe for review. The motion has been referred to the undersigned for Memorandum and Recommendation to the district court. See 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, it is recommended that Defendant's motion be dismissed without prejudice.

## I. BACKGROUND

Defendant was initially charged in a criminal complaint, [DE-1], and was later indicted by a grand jury for mail fraud in violation of 18 U.S.C. §1341 ("Counts One through Eleven"), for wire fraud in violation of 18 U.S.C. §1343 ("Counts Twelve through Twenty-Two"), and for aggravated identity theft in violation of 18 U.S.C. §1028A(a)(1) ("Counts Twenty-Three and Twenty-Four"), [DE-14]. Defendant was subsequently found guilty on all counts and convicted by jury trial. [DE-95]. Sentencing is currently set for the January 11, 2022 term of court. [DE-135].

Defendant, who has been represented by counsel throughout his case, recently filed a Motion to Appear *Pro Se* and requested the court appoint standby counsel, which the court allowed. [DE-122, -138]. Defendant also filed the instant *pro se* Motion for Writ of Error Coram Nobis. [DE-123]. A hearing on the motion was held on September 7, 2021, [DE-128], after which the Government filed a response in opposition to the motion and Defendant filed a reply. [DE-130, -132].

## II. DISCUSSION

In Defendant's *pro se* motion for writ of error coram nobis, Defendant argued that the judgment of conviction against him should be vacated because of alleged constitutional violations stemming from inconsistent or perjured testimony. [DE-123]. In the September 7 hearing, Defendant seemed to argue interchangeably for a remedy based on coram nobis or 28 U.S.C. § 2255, and alleged violations of his due process rights. In support of his argument, Defendant introduced without objection several exhibits, consisting of partial transcripts of grand jury testimony and probable cause hearings, court orders, a letter from former counsel, and a receipt from the United States Postal Service.

The Government has argued, both in the motion hearing and in its filed response, that regardless of the nature of Defendant's motion, the relief Defendant seeks is premature. [DE-130]. According to the Government, coram nobis relief is available only after the petitioner's sentence has been served and petitioner is no longer in custody. *Id.* Additionally, the government reasoned that a remedy under § 2255 is only available to "a prisoner in custody under sentence," and stressed that Defendant was not yet "under sentence." *Id.*

Following the hearing, Defendant filed a *pro se* "Response: Motion for Writ of Error Coram Nobis Correctly Stated § 2255 Motion." [DE-132]. Defendant seems to argue that a § 2255

2

petitioner needs only to be "in custody" to bring a § 2255 motion, as opposed to being both "in custody" *and* "under sentence." Defendant argues that the Government has adopted a narrow view of 28 U.S.C. § 2255. [DE-132]. He points to the *Rules Governing Section 2254 Cases and Section 2255 Proceedings*. Specifically, Defendant supports his argument with the "scope" language of Rule 1(a), for "Rules Governing Section 2255 Proceedings for the United States District Courts," which states the remedy is for "a person in custody under judgment of that court who seeks a determination" that the judgment violates the Constitution or laws of the United States. *See* [DE-132 at 1, 2].

### 1. Defendant's motion for writ of error coram nobis is premature because Defendant is still "in custody" and other remedies are imminently available.

The court's power to vacate convictions based on coram nobis derives from the All Writs Act, 28 U.S.C. §1651. That law is the "residual source of authority to issue writs that are not otherwise covered by statute." *United States v. Ferguson*, 667 F. Supp. 2d 567, 570 (M.D.N.C. 2009), *aff'd*, 395 F. App'x 77 (4th Cir. 2010) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)). A writ of coram nobis is often called a "remedy of last resort." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012); *Escoffery v. United States*, No. 5:98-CR-126-BO-1, 2013 WL 5966783, at *1 (E.D.N.C. Nov. 8, 2013), *aff'd*, 572 F. App'x 213 (4th Cir. 2014). It is also narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)); s*ee Broome v. United States*, No. 3:13-CR-330-MOC-1, 2021 WL 2210893, at *5 (W.D.N.C. June 1, 2021). The Supreme Court has observed that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." *Carlisle*, 517 U.S. at 429 (brackets in original) (*citing United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)). Indeed, the use of coram nobis is limited, and its issuance lies within

3

the discretion of the court. *Ferguson*, 667 F. Supp. 2d at 570; *see Santos–Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008); *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000); *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

When seeking relief under coram nobis, the petitioner must demonstrate "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Akinsade*, 686 F.3d at 252 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)); *see, e.g., Escoffery*, 2013 WL 5966783, at *1. A more usual remedy is typically considered to be a direct appeal or collateral attack of the judgment, once sentenced. *See Akinsade*, 686 F.3d at 252; *Ferguson*, 667 F. Supp. 2d at 571; *Broome*, 2021 WL 2210893, at *5. An error of "the most fundamental character" is one that has "rendered the proceeding itself irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186 (1979) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)); *see, e.g., Bereano v. United States*, 706 F.3d 568, 576–77 (4th Cir. 2013); *Braswell v. United States*, 963 F. Supp. 509, 511 (E.D.N.C. 1997); *Broome*, 2021 WL 2210893, at *5.

While a coram nobis petition may be similar to one under 28 U.S.C. § 2255, most courts, including the Fourth Circuit, have ruled that coram nobis is only available to petitioners who are no longer "in custody" and therefore cannot seek habeas relief under § 2255 or § 2241. *Morgan*, 346 U.S. at 506, 512; *see Chaidez v. United States*, 568 U.S. 342 (2013); *Akinsade*, 686 F.3d at 252. For example, in *Akinsade*, the Fourth Circuit granted coram nobis relief and found that the petitioner could not seek "relief under the typical remedies for a direct or collateral attack of a federal judgment and sentence because he [was] no longer in custody." 686 F.3d at 252; *see also United States v. Swaby*, 855 F.3d 233, 238–39 (4th Cir. 2017); *In re Daniels*, 203 F. App'x. 442,

4

443 (4th Cir. 2006); *Escoffery*, 2013 WL 5966783, at *1 (first element of *Akinsade* test satisfied where petitioner had been sentenced and released from custody); *Wilson v. United States*, No. 4:04-CR-35-1H, 2016 WL 2888990, at *1 (E.D.N.C. May 16, 2016) (granting a motion for coram nobis where petitioner was out of custody and no longer under supervised release).

Finally, in *Ferguson*, when the defendant petitioned for writ of coram nobis, he had been convicted but not yet sentenced. 667 F. Supp. 2d at 571. The court there ruled that the coram nobis petition should be denied because Ferguson was "in federal custody pending his imminent sentencing and [was] not without a remedy, as he [had] the ability to file a direct appeal and seek relief under section 2255, once sentenced." *Id.* The court focused on the fact that petitioner failed to demonstrate the first factor of the four-part test—that a "more usual remedy [such as habeas corpus]" was available, because the petitioner was still in federal custody.

Here, Defendant's motion for writ of coram nobis should likewise be dismissed because both a "more usual remedy" is imminently available, and because Defendant remains in federal custody and has not yet completed his sentence. Thus, Defendant's coram nobis motion is premature. *See Akinsade*, 686 F.3d at 252; *Ferguson* 667 F. Supp. 2d at 571; *In re Daniels* 203 F. App'x. at 443.

It is therefore recommended that Defendant's motion for writ of error coram nobis be dismissed without prejudice.

### 2. Alternatively, a petition under § 2255 is premature because Defendant has yet to be sentenced.

To the extent Defendant's motion may be construed as seeking relief under 28 U.S.C. § 2255, his motion should be denied. The language of § 2255 clearly states that the motion is available for a "prisoner" who is "in custody" and "under sentence." 28 U.S.C. § 2255(a); *see United States v. Morrison*, No. 5:01-CR-276-2H, 2011 WL 13311989, at *1 (E.D.N.C. Mar. 31,

5

2011) ("The language of the statute expressly contemplates that a prisoner who files a motion to vacate is currently under sentence."); *see also Lee v. United States*, No. 5:19-HC-02009-D, 2019 WL 8324492, at *1 (E.D.N.C. May 23, 2019), *report and recommendation adopted*, 2020 WL 1491575 (E.D.N.C. Mar. 27, 2020); *United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) (language of § 2255 itself "assumes that the movant already has been sentenced."). "Thus, where a federal prisoner has not yet been sentenced, a district court lacks jurisdiction over a motion brought under § 2255." *Austin v. United States*, No. 3:05-CR-213, 2008 WL 922344, at *1 (W.D.N.C. Mar. 31, 2008) (citing *Stantini v. United States*, 140 F.3d 424, 427 (2d Cir. 1998)).

Here, Defendant has been found guilty but has yet to be sentenced. The procedural posture is similar to that of *Morrison* and *Ferguson*. Defendant has been convicted and is "in federal custody pending his imminent sentencing—he is not without a remedy, as he has the ability to file a direct appeal and seek relief under section 2255, once sentenced." *Ferguson*, 667 F. Supp. 2d at 571; *see United States v. Ford*, No. 5:20-CR-448-D, Order [DE-64] (denying as "baseless" Defendant's *pro se*, pre-trial writ pursuant to 28 U.S.C. § 2255) (E.D.N.C. Aug. 27, 2021).

Accordingly, if Defendant's "Motion of Writ of Error Coram Nobis" were construed as a § 2255 motion, it is recommended that it be dismissed without prejudice as premature.

### III. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that Defendant's motion for writ of error coram nobis be dismissed without prejudice.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **October 15, 2021** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of

the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within 14 days of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Submitted, this the 1st day of October, 2021.

Robert B. Jones, Jr.
United States Magistrate Judge