IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-351-FL
NO. 5:24-CV-60-FL

| | | |
|---|---|---|
| FURMAN ALEXANDER FORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (DE 206), to deny respondent's motion and grant his § 2255 petition, (DE 215), and to amend and for summary judgment (DE 218, 219). Respondent's motion to dismiss (DE 211) is also before this court. Pursuant to 28 U.S.C. 636(b)(1) and Fed. R. Civ. P. 72(b)(1), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation, (the "M&R"), wherein it is recommended that petitioner's § 2255 motions be denied and respondent's motion granted. (DE 217). Petitioner filed objections to the M&R. Issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, grants respondent's motion, dismisses the § 2255 petition, and denies petitioner's remaining motions.

## BACKGROUND

The court incorporates herein the facts and background as more particularly set forth in the M&R:

> A Grand Jury sitting in the Eastern District of North Carolina charged [petitioner] in a twenty-four-count indictment with eleven counts of mail fraud in violation of 18 U.S.C. § 1341, eleven counts of wire fraud in violation of 18 U.S.C. § 1343, and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(l). (DE 14). After a five-day trial, where [petitioner] was represented by counsel, a jury convicted him on all counts. (DE 95). The court then sentenced him to 132 months'

> imprisonment and three years' supervised release and ordered restitution in the amount of $1,134,334.16. (DE 168, 183).
>
> Throughout the course of the litigation, [petitioner], sometimes with the assistance of counsel and at other times pro se, filed several notices of appeal, including an interlocutory appeal and appeals of the judgment of conviction. (DE 154, 171, 175, 177, 188). The Court of Appeals consolidated these matters, (DE 194), and ultimately affirmed the amended criminal judgment, finding that "ineffective assistance [of counsel] does not conclusively appear on the record," no reversible error occurred where the trial court "allowed into evidence testimony regarding facts underlying [petitioner] allegedly falsifying the issuance of a particular life insurance policy," and no error occurred where the trial court did not consider witness testimony at sentencing when [petitioner] sought to establish "that a particular financial transaction was not part of his scheme to defraud." (DE 203).[1]

(M&R (DE 217) at 1-2 (footnotes omitted)).[2]

Petitioner filed the instant motion to vacate, set aside, or correct sentence, pursuant to § 2255, February 1, 2024, asserting two claims of ineffective assistance of counsel as well as knowing use of false testimony by the prosecutor, relying upon screenshots of text messages sent between April 8, 2019, and April 15, 2019, (DE 206). Respondent filed the instant motion to dismiss March 12, 2024. (DE 211). Petitioner responded in opposition March 28, 2024, relying upon an unsworn affidavit (DE 214), and filed the instant emergency motion to deny the government's motion to dismiss April 12, 2024, relying upon a hypothecation and pledge agreement and two UCC financing statements, (DE 215). The government responded to the emergency motion April 16, 2024. (DE 216). The magistrate judge issued the M&R October 4, 2024, and petitioner filed objection thereto October 23, 2024. (DE 218). Petitioner's objection includes the instant embedded motion to amend his February 1, 2024, petition relying upon an unsworn affidavit, a public records request with certified mail receipt, a letter from the Office of the Governor, and certain email exchanges. Petitioner thereafter filed the instant motion for

---

[1] See United States v. Ford, No. 22-4070, 2023 WL 2570999, at *1 (4th Cir. Mar. 20, 2023).

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

summary judgment relying upon copies of the affidavit and exhibits attached to his motion to amend.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or [the § 2255 Rules], may be applied to [§ 2255] proceeding[s]." Rules Governing Section 2255 Proceedings, Rule 12.

3

B.   Analysis

The court first addresses petitioner's objection to the M&R before discussing petitioner's motion to amend the petition.

1.   Objection

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. The magistrate judge correctly determined that petitioner failed to state a claim for ineffective assistance of counsel in light of the record and the circumstances of this case, see Strickland v. Washington, 466 U.S. 668, 678-88 (1984), and that petitioner failed to state a claim for knowing use of false testimony, see Napue v. Illinois, 360 U.S. 264, 269 (1959). The court writes separately to augment the analysis of the M&R and to address petitioner's objections.

Petitioner generally "objects to all conclusions referenced within the [M&R] as to deciding the action," citing the court's holding in Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999), that the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of an action. (DE 218 at 1). Although petitioner includes no other specific objections labeled as such, he seeks leave to amend his petition, relying upon an unsworn affidavit which refers to each of the original petition's three claims. "[M]indful of [its] responsibility to construe pro se filings liberally," the court determines that petitioner "sufficiently alerted [it] that he believe[s] the magistrate judge erred in recommending dismissal of those claims." Martin v. Duffy, 858 F.3d 239, 245-46 (4th Cir. 2017) (holding restated claims in amended complaint attached to a pro se objection were specifically raised). Accordingly, the court reviews de novo the allegations included in petitioner's unsworn affidavit.

4

As an initial matter, the magistrate judge correctly examined the legal insufficiency of petitioner's motion to vacate. The Rule 12(b)(6) standard applies generally to a motion to dismiss challenging a § 2255 motion. See Rules Governing Section 2255 Proceedings, Rule 12. Additionally, in adjudicating a § 2255 motion, the court may consider "the files and records of the case," 28 U.S.C. § 2255(b), and such consideration does not convert a Rule 12(b)(6) motion into a motion for summary judgment, see, e.g., Philips v. Pitt Cnty. Mem'l Hosp., 572 F3d 176, 180 (4th Cir. 2009).

As explained further below, the magistrate judge correctly found that petitioner failed to plead necessary elements of his claims, justifying their dismissal as a matter of law. Petitioner raises three challenges to his sentence and reasserts elements of each in the affidavit attached to his objection. The court examines each challenge in turn.

      a.     Ineffective Assistance – Conflict of Interest

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland, 466 U.S. at 686. To state a claim for ineffective assistance, a petitioner must allege facts sufficient to support an inference that his counsel's representation was deficient and such deficiency prejudiced the defense. See id. at 687. When an ineffective assistance claim arises from an alleged conflict of interest, the petitioner must allege facts sufficient to support an inference that his lawyer operated under a conflict of interest and such conflict adversely affected the lawyer's performance. See United States v. Nicholson, 611 F.3d 191, 195 n.2 (4th Cir. 2010). To establish that his lawyer's performance was adversely affected, a petitioner must 1) "identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued," 2) "establish that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision" and 3) "show that the

defense counsel's failure to pursue that strategy or tactic was linked to the conflict." Id. at 197.[3] Notably, "the petitioner is not required to show that the strategy or tactic not taken would have been successful, but only that it would have been objectively reasonable," by "show[ing] that the alternative strategy or tactic was clearly suggested by the circumstances." Id. "If a reasonable attorney would have adopted the same trial strategy absent a conflict, a defendant cannot show his lawyer's performance was adversely affected by that conflict." United States v. Dehlinger, 740 F.3d 315, 323 (4th Cir. 2014).

Here, petitioner has not alleged sufficient facts to support his claim of ineffective assistance due to conflict of interest. Petitioner suggests counsel erred by not calling certain witnesses at trial. However, "the decision whether to call a defense witness is a strategic decision . . . to which [the court] must afford enormous deference," United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004). Because of the witnesses called by the government, defense counsel's cross examination of those witnesses, and petitioner's choice to testify, petitioner has not shown that any conflict of interest, if it existed, adversely affected trial counsel's representation. See, e.g., Trial Tr. vol. 1, 133-62, 165-72 (cross and recross of government's first witness); id. vol. 4, 487-577 (petitioner's testimony). Additionally and in the alternative, petitioner has not alleged sufficient facts to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of petitioner's trial would have been different.

Petitioner's affidavit describes how he learned of his counsel's alleged conflict of interest, his counsel's appointment to the North Carolina Superior Court after petitioner's trial, petitioner's investigation into the alleged conflict, and further public records which could substantiate his claim. (Pet. Aff. (DE 218) ¶¶ 29-32). While these allegations may support a finding that counsel was operating under a conflict, they do not support a finding that the alleged conflict adversely

---

[3] Internal citations and quotation marks are omitted from citations unless otherwise specified.

affected petitioner's lawyer's performance. Petitioner identifies a plausible alternative strategy of calling William McKinney ("McKinney") and Holly Carrol ("Carrol") as defense witnesses. (Pet.'s Mem. (DE 206-2) at 2). Petitioner also alleges a tenuous connection between the failure to call McKinney, then-general counsel to the Governor of North Carolina, and the conflict by pointing out petitioner's lawyer's subsequent appointment to the superior court by the Governor. (Unsworn Aff. (DE 218) ¶ 31). Petitioner alleges McKinney was directly involved in the appointment, citing an email exchange in which McKinney approved a press release. (DE 218-2 at 1).

However, petitioner has failed to "show that the alternative strategy or tactic was clearly suggested by the circumstances." Nicholson, 611 F.3d at 197. Petitioner presents screenshots of text messages allegedly exchanged between petitioner and McKinney, wherein petitioner describes the status of SmartGuard and McKinney provides a phone number for an individual named John Hardin. (DE 206-3 at 1-4). Petitioner alleges that McKinney's testimony regarding this text conversation would prove petitioner's "execution of the business strategy of HumanCentric Performance," thereby impeaching Special Agent Kiernan Whitworth's ("Whitworth's") grand jury testimony that petitioner was not executing a business strategy. (DE 206-2 at 2). However, the magistrate judge correctly determined that the central issue at trial was "whether [the victim] knew and consented to [petitioner] transferring her funds to his accounts as a business investment in HumanCentric Performance," not whether petitioner was executing a business strategy at the time. (M&R at 12). Thus, even if it did prove petitioner's "execution of the business strategy," McKinney's testimony would not impact the ultimate outcome of the trial. Therefore, calling him as a witness was not "clearly suggested by the circumstances." Nicholson, 611 F.3d at 197. Petitioner's objection does not allege any additional facts indicating that calling McKinney as a witness was "objectively reasonable under the facts of the case." Id.

7

Additionally, petitioner makes no specific objection to that portion of the M&R in which the magistrate judge correctly determined that petitioner has not alleged a connection between the purported conflict and his counsel's failure to call Carrol as a witness. (See M&R 8-10). Accordingly, petitioner's claim of ineffective assistance due to conflict of interest is dismissed as to both potential witnesses.

    b.  Ineffective Assistance – Failure of Meaningful Adversarial Testing

As explained above, a petitioner must satisfy both prongs of the Strickland test—deficiency and prejudice—to state a claim of ineffective assistance of counsel. Strickland, 466 U.S. at 687. The magistrate judge correctly found that petitioner failed to allege facts supporting a determination that trial counsel's performance was deficient and that any allegations that such performance was prejudicial are conclusory, justifying dismissal of petitioner's second claim. (M&R at 13-14).

Petitioner claims that his trial counsel failed to subject the prosecution's case to meaningful adversarial testing by "refus[ing] to argue [petitioner's] concerns of false testimony proffered during the grand jury proceeding, and further refused to subpoena pertinent witnesses." (DE 206-2 at 4). Petitioner's unsworn affidavit includes additional factual allegations regarding the information available to his counsel regarding the potential witness McKinney and petitioner's concerns about Whitworth's alleged false grand jury testimony. (DE 218 ¶¶ 25-28). Similar to the allegations regarding an alleged conflict, however, petitioner's unsworn affidavit does not address the underlying prejudice prong required by Strickland. It is not plausible to infer that the results of petitioner's trial would have been different had petitioner's counsel complied with petitioner's suggestions regarding attempted impeachment of Whitworth or use of McKinney as a witness. Indeed, "a fundamental reality of trial practice is that often, a weak witness or argument

8

Case 5:20-cr-00351-FL  Document 220  Filed 03/11/25  Page 8 of 13

is not merely useless but, worse than that, may detract from the strength of the case by distracting from stronger arguments and focusing attention on weaknesses." Terry, 366 F.3d at 318.

To the extent that petitioner seeks to assert per se prejudice under United States v. Chronic, 466 U.S. 648 (1984), this argument also fails. See id. at 659 (holding the adversary process presumptively unreliable where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"). Petitioner has alleged that his trial counsel failed to call two witnesses and failed to conduct a line of questioning that petitioner suggested, not that his counsel failed to subject the prosecution's case to any adversarial testing whatsoever. Petitioner has not alleged that his counsel failed to file evidentiary motions, cross examine witnesses, make a closing statement, or otherwise serve as his advocate during trial. Therefore, the court cannot conclude that petitioner was constructively denied the right to counsel. See Glover v. Miro, 262 F.3d 268 (4th Cir. 2001) (refusing to apply per-se prejudice exception where trial counsel inter alia made pre-trial motions, cross-examined witnesses, advised on plea deals, and made a vigorous closing statement).

In sum, petitioner has not alleged facts sufficient to support either prong of an ineffective assistance claim or a per se prejudice claim. Accordingly, claim two, captioned "Ineffective Assistance – Failure to Subject Prosecution's Case to Meaningful Adversarial Testing" is dismissed.

    c.    Knowing Use of False Testimony

"To obtain relief upon a claim that the [g]overnment used false testimony, [petitioner] must establish that the [g]overnment knowingly used false testimony, creating a false impression of material fact." United States v. Briscoe, 101 F.4th 282, 298 (4th Cir. 2024). Such testimony "is material if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." Basden v. Lee, 290 F.3d 602, 614 (4th Cir. 2002). Importantly, "credibility

9

Case 5:20-cr-00351-FL    Document 220    Filed 03/11/25    Page 9 of 13

issues and contradictions are not equivalent to false testimony." Briscoe, 101 F.4th at 298. The magistrate judge correctly determined that petitioner fails to allege facts sufficient to support a finding that testimony used against him was false, that any allegedly false testimony was material, or that the government knew any testimony was false. (M&R at 16).

Petitioner's unsworn affidavit includes repeated allegations that Whitworth provided false testimony (DE 218 ¶¶ 6-8, 13, 15) and new allegations that prosecution witnesses Pamela Harrigan-Young ("Harrigan-Young") and Gloria Campbell ("Campbell") provided false testimony (id. ¶¶ 9-15, 18-20). The affidavit also includes an allegation that respondent was aware of Harrigan-Young's false testimony, (id. ¶ 14), and that respondent should have known that Campbell's testimony was false, (id. ¶ 19). Even construing these liberally as allegations that the government knew the witnesses' testimony was false, petitioner's claim still fails because the affidavit does not include any allegation that the false testimony was material to the outcome of petitioner's trial.

Petitioner alleges that Harrington-Young falsely testified that the victim of petitioner's fraud and identity theft was not subject to a tax penalty in 2013 (¶ 10) and that Campbell falsely testified about not receiving a medical exam for a life insurance policy (¶ 18). Neither of these allegedly false statements bears directly on the central issue of the case: "whether [the victim] knew and consented to [petitioner] transferring her funds to his accounts as a business investment in HumanCentric Performance." (M&R at 12). Thus, there is no "reasonable likelihood that the [alleged] false testimony could have affected the judgment of the jury." Basden, 290 F.3d at 614. Because he has not satisfied the materiality prong, petitioner has not alleged facts sufficient to state a claim. Accordingly, his claim for knowing use of false testimony is dismissed.

In sum, for these reasons and the reasons set forth in the M&R, all three of petitioner's claims are dismissed for failure to state a claim upon which relief can be granted.

10

Case 5:20-cr-00351-FL     Document 220     Filed 03/11/25     Page 10 of 13

    d.  Emergency Motion to Deny Rule 12(b)(6) Motion

Petitioner makes no specific objection to the magistrate judge's findings and recommendation regarding petitioner's April 12, 2024, emergency motion. Finding no clear error, the court adopts that portion of the M&R, and petitioner's motion to deny rule 12(b)(6) motion and grant § 2255 petition due to attorney conflicts of interest is denied.

  2.  Motions to Amend and for Summary Judgment

Petitioner moves for leave to amend the § 2255 petition, seeking to attach thereto his unsworn affidavit. (DE 218 at 1). Petitioner relies on caselaw applying Federal Rule of Civil Procedure 15(a), which allows that a petitioner "may amend his complaint one time as a matter of course before the defendant files a responsive pleading." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). However, the court's application of Rule 15 in Laber did not address the requirement that such amendment as a matter of course must be made no later than "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Accordingly, where more than 21 days have passed since respondent's March 12, 2024, motion to dismiss under Rule 12(b)(6) and the court's March 13, 2024, issuance of a letter to petitioner informing him of the motion to dismiss (DE 213), petitioner may not amend his petition as a matter of course. Therefore, he "may amend [his petition] only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Although "leave to amend shall be freely given when justice so requires," it should be denied when "the amendment would have been futile." Laber, 438 F.3d at 426. It is "clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021). Here, petitioner's proposed amendment is futile. As explained above, even with the additional

11

allegations in the objection, petitioner fails to state a claim upon which relief may be granted. Accordingly, petitioner's motion for leave to amend the petition is denied.

Finally, the court construes petitioner's motion for summary judgment as a further attempt to amend his petition, relying on copies of the same affidavit and documents attached to his first motion to amend. Petitioner argues that because respondent did not respond to petitioner's objection and embedded motion to amend, the court must accept as true the arguments and conclusions contained therein. This argument misses the mark.

In evaluating the futility of petitioner's proposed amendment, the "court accepts all well-pled facts as true," but does not consider his "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Because petitioner's motion for summary judgment repeats the arguments and conclusions of his first motion to amend and does not allege additional facts, the court's analysis is unchanged. For the same reasons noted with respect to petitioner's first motion to amend, petitioner fails to state a plausible claim for ineffective assistance of counsel and knowing use of false testimony. Accordingly, petitioner's motion for summary judgment, construed as a further motion to amend, is denied as futile.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 217), and respondent's motion to dismiss (DE 211) is GRANTED. Petitioner's motion to vacate, set aside, or correct sentence (DE 206) is DISMISSED for failure to state a claim under Rule 12(b)(6). Petitioner's remaining motions (DE 215, 218, 219) are DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of March, 2025.

LOUISE W. FLANAGAN
United States District Judge